UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY HOVANKY AND
NIGEL JACKSON,

    **Plaintiffs,**

v.                                                  Civil Action No. 3:20-cv-00586-JAG

REALPAGE, INC.,

    **Defendant.**

**MEMORANDUM IN SUPPORT OF
<u>JOINT MOTION FOR ENTRY OF CONSENT ORDER</u>**

COME NOW Plaintiffs and Defendant, by and through their undersigned counsel, (collectively, the "Parties") who submit this brief in support of their Joint Motion of Entry of Consent Order. (ECF No. 39) For the following reasons, the motion should be granted.

## I.    BACKGROUND

Plaintiffs filed suit against Defendant alleging various violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") on July 30, 2020. (ECF No. 1.) The Parties engaged in extensive discovery involving large amounts of data, which required additional time for this case. They also then retained the Honorable Barry R. Poretz (Ret.) to mediate the matter.

After engaging in multiple days of mediation over an extended period of time, the Parties reached a settlement in this matter to resolve the case on an individual basis. This matter has not been certified as a class action.

126535192

As part of this settlement, Plaintiffs sought, and Defendant agreed to a number of procedure changes in Defendant's ongoing business. They further agreed that these would be reflected in a consent order to be entered by the Court. That is the purpose of this motion.

The Parties now jointly ask this Court to enter a consent order (the "Consent Order", Exhibit "A") mandating Defendant abide by certain practices for all consumers.

## ARGUMENT

### A. The Court Has Authority to Enter the Consent Order

Whether or not injunctive relief is ordinarily available in a contested FCRA case, it is now well-established that the Court may enter an order for such a remedy if the Parties consent. *Berry v. Shulman*, 807 F.3d 600, 610 (4th Cir. 2015) ("In the settlement context, it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all.") (quotations removed). Here, the parties have entered into a written agreement to be bound by the proposed Consent Order. This agreement thus gives this Court the necessary authority to enter the Consent Order. *Id.*

### B. The Consent Order Does Not Require the Court to Adopt an Interpretation of the FCRA, and it is Enforceable.

The proposed Consent Order requires certain changes in the processes used by Defendant in connection with tenant screening reports and consumer file disclosures. Plaintiffs believe these changes better comport with the FCRA, while Defendant contends it has not violated the statute even before these changes and denied all such liability in this case. Either way, neither Party is asking the Court to make such determinations. For example, the proposed Consent Order does not include a specific finding by the Court that the new changes comply with the FCRA or that the old processes did not.

Further, the Consent Order is workable. Its requirements are stated as measurable acts to be taken rather than general principles or aspirations.

### C. The Consent Order Addresses the FCRA Issues Raised in this Lawsuit

The case presented several claims, each addressed in the settlement and the corresponding Consent Order. The first was based on the allegation that Defendant had omitted a bankruptcy discharged status for certain accounts or debts for which the source had reported such a status. Plaintiffs further alleged that Defendant continued to report those accounts as "Neg" (negative) outstanding obligations. Defendant, for its part, denied its practices violated the FCRA or any other applicable law. Nonetheless, the first three requirements in the Consent Order address this set of allegations.

Plaintiffs also alleged that Defendant had omitted a "disputed" status that had been reported to it with the credit accounts that were provided by Equifax, Experian and/or TransUnion. Plaintiffs asserted such omission was inaccurate, although Defendant disagreed. The fourth numbered provision of the Consent Order resolves that issue.

Plaintiffs also asserted claims under 15 U.S.C. § 1681c, which limits the length of time certain negative items can be reported by a consumer reporting agency, as well as a claim under 15 U.S.C. § 1681g related to Defendant's file disclosures. Plaintiff claimed that Defendant reported non-criminal traffic offenses past seven years. Plaintiff also alleged that Defendant inaccurately reported the date that certain collection accounts had been "opened." Defendant, again, disagreed that its practices violated the FCRA. Nonetheless, these allegations are addressed in numbered requirements 5 through 8 of the Consent Order.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request the Court grant their motion and enter the proposed Consent Order.

Dated: May 19, 2022                         **ANTHONY HOVANKY and NIGEL JACKSON**

By: */s/ Leonard A. Bennett*

Leonard A. Bennett, VSB #37523
Craig C. Marchiando VSB #89736
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

Emily Connor Kennedy, VSB# 83889
Mark C. Leffler, VSB# 40712
Stephen F. Relyea, VSB# 77236
Boleman Law Firm, P.C.
2104 W. Laburnum Ave, Suite 201
Richmond, VA 23227
(804) 358-9900 – Telephone
(804) 358-8704 – Facsimile
Email: eckennedy@bolemanlaw.com
Email: mcleffler@bolemanlaw.com
Email: sfrelyea@bolemanlaw.com

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey Nash, VSB# 84261
**KELLY GUZZO PLC**
3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
E-mail: kkelly@kellyguzzo.com
E-mail: aguzzo@kellyguzzo.com
E-mail: casey@kellyguzzo.com

*Counsel for Plaintiffs*

Dated: May 19, 2022  **REALPAGE, INC.**

By: */s/ Timothy J. St. George*
Timothy J. St. George (VSB No. 77349)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: timothy.st.george@troutman.com

*Counsel for Defendant*